## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-23-257-2-SLP |
| JIAN HUI WU, | ) ) ) |
| Defendant. | ) ) |

### **O R D E R**

Before the Court is Defendant's pro se Motion to Reduce Sentence [Doc. No. 126] and Motion for Abeyance [Doc. No. 127]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 131] and opposes the requested relief. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 128] and Amended Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 129].

**I.     Background**

On November 29, 2023, Defendant pleaded guilty to: (1) possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 1); and (2) possession of firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2). Doc. Nos. 72-74. On February 29, 2024, the United States Probation Office filed its Final Presentence Investigation Report (PSR). Doc. No. 95.

For Count 1, the PSR calculated a base offense level of 30, plus a two-point enhancement because Defendant maintained a premise for the purposes of manufacturing or distributing a controlled substance. PSR at ¶¶ 34-35. This resulted in an adjusted offense level of 32. *Id.*, ¶ 39. After applying a three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 29. *Id.*, ¶¶ 41-43. For Count 2, the PSR recommended guideline was a minimum mandatory of five years' imprisonment consecutive to any sentence in Count 1. *Id.*, ¶ 44.

The PSR calculated a total criminal history score of zero for Defendant, placing him in a criminal history category of I. *Id.*, ¶¶ 47-48. Combining Defendant's total offense level of 29 and criminal history category of I, the PSR recommended a guideline range of 87 to 108 months' imprisonment, plus five years' imprisonment to run consecutive. *Id.*, ¶ 72.

On May 20, 2024, the Court adopted the PSR without change, varied downward, and sentenced Defendant to 96 months' imprisonment, consisting of 36 months as to Count 1 and 60 months as to Count 2, to be served consecutively. Doc. Nos. 114, 118, 119.

On August 12, 2024, Defendant filed the pending Motion. He seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 on grounds that he is a zero-point offender.

**II.    Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582

which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively.[1] Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all ten of the listed criteria.[2]

---

[1] As set forth, Defendant was sentenced on May 20, 2024, and would have received the benefit of the Amendment had he been eligible.

[2] Those ten criteria are:

3

### III. Analysis

Because Defendant has zero criminal history points, he contends he is a zero-point offender entitled to a decrease in two offense levels. But Defendant fails to meet all ten eligibility criteria. Specifically, Defendant fails to meet U.S.S.G. § 4C1.1(a)(7). Defendant admitted to possessing firearms in connection with the offense. *See* PSR, ¶ 32. Accordingly, the Court lacks jurisdiction to reduce Defendant's sentence. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

### IV. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion for Sentence Reduction

---

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).

[Doc. No. 126] is DISMISSED.

IT IS FURTHER ORDERED that Defendant's Motion for Abeyance [Doc. No. 127] is DENIED as MOOT.

IT IS SO ORDERED this 18th day of September, 2024.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE